## Case No. 457.

### ANONYMOUS.

[1 N. B. R. 122; Bankr. Reg. Supp. 27.]

District Court,[1] District of Columbia. 1867.

BANKRUPTCY — DISCHARGE — PUBLICATION OF NOTICE — DEPOSIT — PROCEDURE — ADVANCES FOR FEES.

[1. If, at the time a bankrupt applies for his discharge, no creditors have proved their debts, and no assets have come to the hands of the assignee, notice to show cause why a discharge should not be granted must be by publication, in such number of newspapers and for such length of time as the court may direct.]

[Cited in Re Bloss, Case No. 1,562.]

[2. A balance of the deposit of $50 remaining in the hands of a register at the close of a case in bankruptcy is a part of the assets, and should be paid to the assignee, and not to the bankrupt.]

[Cited in Re Elmendorf, 9 Fed. 546; Re Bloss, Case No. 1,562.]

[3. Where no creditors have proved their debts, and there are no assets, an assignee should nevertheless be appointed. since creditors may appear and assets may be found.]

[4. A judgment due a firm should be scheduled in the firm's name, without setting forth the names of its members; but if their names are set forth, the schedule is not thereby vitiated.]

[5. Where notice of a meeting of creditors is addressed to a creditor by a wrong name, though there is not time to remedy the defect before the meeting, the creditor is not bound by the proceedings at such meeting.]

[Cited in Re Archenbrown, Case No. 504.]

[6. Where the petitioner in bankruptcy has no property except what he claims as exempt, and his creditors are all of one class, he is not required in making up his schedule to use the entire list of forms in bankrupt proceedings; he need use only such as are appropriate to and descriptive of the debts and property he is required to list.]

[7. Where a petitioner in bankruptcy has made advances as security for fees to the register, clerk, and marshal, he is not entitled to reimbursement therefor by the assignee out of the estate.]

In bankruptcy. In divers cases before J. Sayles Brown, register in bankruptcy, District of Columbia, the following questions arose, and having been certified to Judge Wylie, his opinion on each question is appended.

### Of Notice to Show Cause Why Discharge Should not be Granted.

If at the time the bankrupt applies for his discharge no creditors have proved their debts, and no assets have come to the hands of the assignee, is notice to show cause required, and, if so, what notice?

WYLIE, J. In such case, the only notice which can be given is that by publication, and such notice is, I think, required by the law. The length of time, and the number of newspapers for the publication, have not been prescribed in the act, but are to be fixed by the court, according to its discretion in each case.

### Disposition of Balance of Deposit of $50.

If a balance of the deposit remains in the hands of the register at the close of a case in bankruptcy, to whom shall he pay it? Is it the property of the assignee or of the bankrupt?

WYLIE, J. It would be part of the assets, and should be paid to the assignee.

### Appointment of Assignee, No Debts Proved, and No Assets.

When no creditors have proved their debts, and there are no assets, should an assignee be appointed?

WYLIE, J. I think an assignee should be appointed, nevertheless. There may be creditors who have not proved their debts, and

---

[1][The United States circuit court for the District of Columbia was abolished by Act March 3, 1863, and its jurisdiction conferred upon the supreme court of the district. The statute further provided that any one of the justices of such court "may hold a district court of the United States for the District of Columbia, in the same manner and with the same powers and jurisdiction possessed and exercised by other district courts of the United States." 12 Stat. 763, § 3.]

the assignee might find assets which the petitioner may have overlooked.

**Judgment Debts Due Firms Need not be Scheduled to Individual Members of Said Firm.**

When a petitioner owes a judgment debt, contracted with a firm composed of several individuals, should the debt be scheduled as due the firm under the name and style by which it is known, or should the individual names of the persons comprising the firm be set out as creditors; or should the individual names comprising the firm be given, and then add,—Partners comprising the firm of A. B. & Co. Which of these forms are admissible, and which is the best practice?

WYLIE, J. Either one of these forms would be good; but the first is the best, for the petitioner might be mistaken as to some of the members of a partnership, or might in fact be ignorant as to the membership of some of the partners. That is his risk, however. It is safest merely to return the partnership debt as due to the firm without naming the individual partners.

**Service of New Notice in Cases of Defective Notice—Appearance of Creditor on Defective Notice—Waiver.**

When in issuing the warrant or in serving the notices for the first meeting of creditors a mistake has been made in the name of one or more of the creditors, so that he is not addressed by his true name, and there is not time after the discovery of such defect to send notice, may such failure of notice be cured, and if not cured, will it be ground for denying the bankrupt a discharge from the debt due such unnotified creditor?

WYLIE, J. Every creditor must have notice served upon him in the manner prescribed by the act, otherwise he will not be bound by the proceedings. A notice not addressed to a creditor by his name amounts to no notice. The only way in which to cure such error is by issuing and serving a new and correct notice, unless the creditor will voluntarily appear and waive the notice, which, of course, will bind him.

**Only Such Forms and Schedules as Are Requisite to Set Forth Assets and Liabilities Truly Need be Used.**

When a petitioner in bankruptcy has no property except what he claims as exempt, and his creditors are all under one class,—as for example, creditors whose claims are unsecured,—is the debtor required, in making up schedules of his debts and estate, to use the entire list of forms in all cases laid down in the general orders and forms of proceedings in bankruptcy adopted by the supreme court of the United States, or shall he use such only of said forms as are appropriate to, and descriptive of, the debts and property he is to list?

WYLIE, J. The petitioner is required to use such only of the forms as are appropriate to and descriptive of the debts and property he is required to list. It would be absurd to require him to file in addition thereto a large mass of forms, all of which are simply blanks. He should state, however, the reason why these were omitted.

**Payment of Fees by Voluntary Petitioner— Disbursement by Assignee.**

When a petitioner in bankruptcy, who has assets, has made advances as security for fees to the register, the clerk, and the marshal, is he to be reimbursed by the assignee out of the estate for these expenses?

WYLIE, J. He is not. The money he advances is not his own, but should be returned as a part of petitioner's assets and handed over to the assignee. The assignee should be credited with the fees so paid, and not the petitioner.